## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CLARK A. WARD, individually, and CAW IMAGING, P.C., an Oklahoma professional corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No. CIV-03-1564-F |
| HEALTHSOUTH CORPORATION, a Delaware Corporation; DIAGNOSTIC HEALTH CORPORATION, a Delaware Corporation; RICHARD M. SCRUSHY, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## O R D E R

Before the court is defendants' <u>Daubert Motion to Exclude Testimony of Plaintiffs' Expert Witness Irwin H. Steinhorn</u>, doc. no. 137. The motion was filed on July 20, 2005. Plaintiffs responded to the motion on August 8, 2005, and defendants filed a reply in support of the motion on August 15, 2005.

Page 1 of the motion states that the challenged testimony of Mr. Steinhorn should "be excluded under the doctrine of <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>" Motion, at 1. In stark contrast, the motion states, at page 6, that Mr. Steinhorn's testimony "cannot be evaluated under the <u>Daubert</u> or Rule 702 factors . . . ." Motion, at 6. Thus, page 1 is at odds with page 6. Page 6 wins. This is not a <u>Daubert</u> motion.

However, the motion is entirely appropriate as a garden-variety motion in limine, relying, as it does, on the principles articulated by the Court of Appeals in Specht v. Jensen, 853 F.2d 805 (10th Cir. 1988).

In the motion, defendants complain that, as indicated by the expert report of Irwin H. Steinhorn, attached as exhibit 1 to the motion, plaintiffs apparently intend to present expert testimony as to the law, in violation of the limitations expressed in Specht.[1]

The issue presented by the motion is not as simple as either the defendants or the plaintiffs suggest, and does not lend itself to *in limine* rulings.  For that reason, the motion will be denied.  However, the court will provide the parties and their counsel with some general guidance.

The limitations which were recognized by the Court of Appeals in Specht should be understood in light of what happened in that case.  Plaintiff called a lawyer as an expert witness to testify, and he did testify, as to some of the ultimate issues to be submitted to the jury in the case, which included some of the essential elements of plaintiff's claim.  Specht, 853 F.2d at 807.  The Court of Appeals held that this was impermissible.  *Id.* at 807-809.  In so holding, the court noted that "[t]he line we draw here is narrow."  *Id.* at 809.  The court noted that a witness may appropriately refer to the law in expressing an opinion, and may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.  *Id.*

The court cited with approval cases in which legal experts were permitted to testify about firearms registration requirements, securities regulation matters and tax reporting requirements.  *Id.*  Having surveyed these cases, the court concluded that

---

[1] Defendants wisely do not challenge Mr. Steinhorn's qualifications.

testimony relating to legal matters is appropriate "if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function.   However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Id.* at 809-810.

At the trial of this case, the court does not intend to permit Mr. Steinhorn to provide a general tutorial on the applicable principles of corporate law.  That will be a matter for the jury instructions.  However, to take but one example, it will be appropriate for Mr. Steinhorn to testify about the indicia of corporate separateness, viewed in light of the applicable legal principles as applied to the facts of this case – as long as he does not get too close to "directing a verdict." Specht, at 808.  These are matters which can be addressed in a manner which is helpful to the trier of fact, without invading the province of the court or the jury, provided that the direct examination is carefully crafted.  Indeed, in cases in which one business entity is claimed to be the alter ego of another, the matters which are relevant to the jury's resolution of that claim will typically be  foreign to the experience of lay jurors.  In that kind of a situation, expert testimony, appropriately circumscribed, may be helpful to the trier of fact.  Another area of appropriate expert testimony, again viewed only at a high level of generality, will be expert testimony as to the reasons for which it would have been prudent to rely upon HealthSouth's published financial information. At the same time, counsel should bear in mind that the court will not permit Mr. Steinhorn to engage in a general exposition of principles of corporate law.

Given the nature of the issues presented in this case, the line between admissible and inadmissible legal expert testimony cannot be drawn in any meaningful way in advance of trial.  That line can be drawn only in the specific

context in which the evidentiary issues arise at trial.  For that reason, the motion, as a motion in limine, is **DENIED**.

DATED January 4, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

03-1564p043(pub).wpd