IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARK A. WARD, individually; and CAW IMAGING, P.C., an Oklahoma professional corporation, </br></br>        Plaintiffs,</br></br>-vs-</br></br>HEALTHSOUTH CORPORATION, a Delaware corporation; DIAGNOSTIC HEALTH CORPORATION, a Delaware corporation; and RICHARD M. SCRUSHY, an individual,</br></br>        Defendants. | Case No. CIV-03-1564-F |

## **MEMORANDUM**

The jury trial as to the remaining claims and counterclaims in this case commenced on February 21, 2006 and continued through March 3, 2006. On March 3, 2006, the jury returned a verdict as follows:

    1. For the plaintiffs, on their claim for breach of contract, in the sum of $993,474.00;

    2. For the plaintiffs, on their claim of fraud in the inducement relating to defendant, HealthSouth Corporation's financial position, in the sum of $1,814,054.00;

    3. For the plaintiffs, on their claim for punitive damages, in the sum of $250,000.00;

    4. For the plaintiffs, on defendants' claim for conversion;

    5. For the defendants, on their claim for money had and received, in the sum of sum of $25,177.00; and

6. For the defendants, on plaintiffs' claim for fraud in the inducement-new or upgraded equipment.

On March 6, 2006, the court entered an order directing the parties to prepare and submit a joint proposed form of judgment for the court's approval that would address all claims of plaintiffs and all counterclaims of defendants. The court ordered that if the parties could not agree on a form of judgment, the parties were to file their respective briefs on the unresolved issues.

On March 29, 2006, defendants HealthSouth Corporation and Diagnostic Health Corporation filed a motion requesting the court to enter an order stating that plaintiffs may not recover a judgment on inconsistent remedies and requiring plaintiffs to elect either (1) to affirm the contract with defendants and have judgment entered on the jury verdict returned on plaintiffs' claim for breach of contract, or (2) to rescind the contract and have judgment entered on the jury verdict returned on plaintiffs' claim for fraud in the inducement relating to defendant, HealthSouth Corporation's financial position. Citing Whatley v. Crawford & Co., 15 Fed. Appx. 625 (10th Cir. 2001)(unpublished), defendants maintain that the recovery sought for plaintiffs' claim for fraudulent inducement, *i.e.*, damages under an out of pocket theory, is a rescission-based remedy. Defendants assert that this theory of recovery is fundamentally inconsistent with the theory of recovery for the breach of contract claim, *i.e.*, damages for the benefit of the bargain, an affirmance-based remedy. Because the remedies for the fraudulent inducement and contract claims are inconsistent, rescission vs. affirmance, defendants argue that plaintiffs must be required to choose which jury verdict they want to have embodied in the judgment. Defendants have, accordingly, submitted proposed alternative forms of judgment. Defendants have also submitted an additional proposed form of judgment for use if the court declines to require plaintiffs to make an election.

On April 25, 2006, plaintiffs filed an objection to defendants' motion. Plaintiffs contend that the election of remedies doctrine does not apply because the remedies they sought were cumulative and their claims were not inconsistent. Plaintiffs assert that there are numerous Oklahoma cases in which the courts have allowed an injured party to assert both breach of contract and fraud claims. In addition, plaintiffs contend that the rule that a party induced to enter a contract by fraud must elect "upon discovery thereof, a choice of two classes or remedy, to wit, rescission or affirmance" (defendants' Brief in Support, at 4) does not apply in cases such as this where the fraud was not discovered until after performance under the contract has begun. Plaintiffs contend that the fraud with respect to defendant's financial position was not discovered until the very end of the contract period, long after defendant had breached the contract. Plaintiffs contend that they were entitled to affirm the contract *and* to sue for fraud. Furthermore, plaintiffs argue that the Whatley case, which applied Colorado law and involved different theories of liability, is distinguishable and should not control this case.

Defendants filed their reply on May 5, 2006, asserting that it is plain from the nature of the remedies at issue, and from the Tenth Circuit's reasoning in Whatley, that the verdict on plaintiffs' fraud claim is inconsistent with the verdict on plaintiffs' contract claim. Defendants argue that the out of pocket damages plaintiffs sought and received by way of the verdict for their fraud claim, depended upon disaffirmance of the contract, and the benefit-of-the-bargain damages plaintiffs received by way of the verdict for their contract claim depended upon the affirmance of the contract. Defendants do not deny that some tort and contract claims can be compatible and not fatally inconsistent. However, defendants argue that it is the specific remedy, out of pocket damages, that plaintiffs sought and received on their fraud claim, which establishes the inconsistency between the fraud and contract claims. Defendants

assert that none of the Oklahoma cases cited by plaintiffs involved a remedy of out of pocket damages. They contend that plaintiffs' argument that their claims are consistent cannot stand scrutiny because, as recognized by Whatley, plaintiffs' claim for out of pocket damages, which is a rescissionary remedy, is fundamentally inconsistent with their claim for benefit of the bargain damages.

On June 14, 2006, plaintiffs filed a revised proposed judgment, correcting a mathematical error and addressing disposition of certain claims by prior court orders.

On June 23, 2006, defendants objected to plaintiffs' proposed revised judgment on various grounds, including their contention that the judgment calls for simultaneous entry of judgment on two claims which have inconsistent remedies.

Subsequently, on August 22, 2006, the court entered an order setting the motion for hearing on September 5, 2006 to address certain concerns.

Upon due consideration of the parties' submissions and the oral arguments of counsel, the court concludes that defendants' motion to require an election of remedy should be denied. The court finds that plaintiffs should not be required to elect between their theories of recovery. Under the particular facts and circumstances of this case, the court concludes that plaintiffs' remedies for their breach of contract and fraudulent inducement claims are not inconsistent. The court additionally concludes that the Whatley case is distinguishable and does not require an election in this case. While there is some overlap between the elements of damage for which plaintiffs sought recompense, the court has carefully crafted the judgment, to be entered with this memorandum, to avoid any double recovery or double satisfaction. On appeal, defendants will be entitled to, and doubtless will, contest the legal merit of both of plaintiffs' theories of recovery. The court determined both theories to be submissible to the jury. Plaintiffs ought not to be required to forsake one theory or the other, gambling that the surviving theory will withstand review. What plaintiffs are *not*

entitled to is double satisfaction of their claims. The court has prepared and will now enter a judgment that ensures that that will not occur.

Accordingly, the Motion by HealthSouth Corporation and Diagnostic Health Corporation to Require Election of Remedy (doc. no. 274) is **DENIED**. Judgment shall issue forthwith.

Dated October 12, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

03-1564p067(pub).wpd