## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARK A. WARD, individually, and CAW IMAGING, P.C., an Oklahoma professional corporation,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>HEALTHSOUTH CORPORATION, a Delaware Corporation; DIAGNOSTIC HEALTH CORPORATION, a Delaware Corporation; RICHARD M. SCRUSHY, an individual,  )<br>)<br>)<br>)<br>)<br>)<br>Defendants.  ) | Case No. CIV-03-1564-F |

## JUDGMENT

This matter came on for jury trial on the 21st day of February, 2006, concluding with the return of the verdict of the jury on March 3, 2006. The jury, having been duly sworn, returned its verdict as follows: (1) For the Plaintiffs, on their claim for Breach of Contract, in the sum of $993,474.00; (2) For the Plaintiffs, on their Claim for Fraud in the Inducement-Financial Position of HealthSouth, in the sum of $1,814,054.00; (3) For the Plaintiffs, on their Claim for Punitive Damages, in the sum of $250,000.00; (4) For the Plaintiffs on Defendants' Counter-claim for Conversion; (5) For the Defendants, on their claim for money had and received, in the sum of $25,177.00; (6) For the Defendants, on Plaintiffs' claim for Fraud in the Inducement-Purchase of New Equipment.

The court, having duly considered the evidence, and Oklahoma law, regarding the proper measure of damages for Plaintiffs' breach of contract and fraud in the

inducement claims, finds that Plaintiffs are the prevailing parties on both their Breach of Contract and Fraud in the Inducement Claims. As is more fully set forth in a memorandum of even date herewith, the court concludes that even though there is some overlap between the elements of damage for which plaintiffs sought recompense on the two theories of recovery, plaintiffs are not required, by the doctrine of election of remedies, to relinquish the benefit of the jury verdict in their favor on their contract claim. They are precluded, however, from obtaining a double recovery or a double satisfaction of their judgment against the defendants.

Accordingly, on the fraud claim, judgment should be, and is, entered in favor of the Plaintiffs for actual damages in the sum of $1,814,054.00, and for punitive damages in the sum of $250,000.00. On the contract claim, judgment should be, and is, entered in favor of the plaintiffs in the amount of $993,474.00, provided that the first $993,474.00 (plus sums accrued as interest) paid to or collected by plaintiffs from the defendants pursuant to this judgment shall, *pro tanto*, satisfy both the judgment on the contract claim and the judgment on the fraud claim. The court further finds that the damages awarded to the Defendants on their claim for money had and received, in the sum of $25,177.00, should be deducted, as a set-off, from the damages awarded to the Plaintiffs, for a total Judgment, in favor of the Plaintiffs, in the sum of $2,038,877.00. The court further finds that any and all claims for costs, interest, and attorney fees are reserved, to be addressed by the court upon proper motion.

The court further finds that, as stipulated by the parties, Defendants' claim for an accounting is moot in light of the verdict for Defendants of $25,177.00 on Defendants' Claim for Money Had and Received; and that Plaintiffs' Claim that the Non-Compete Agreement is fully rescinded and void is moot in light of Defendants' assertion that the applicable provisions terminated upon the closing of the Medical

Imaging Center of Oklahoma in April 2004. Accordingly, both of those claims are deemed dismissed with prejudice.

The court further finds that, as set forth more fully by previous Order, Plaintiffs' action against Defendant Richard M. Scrushy is dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(2).

The court further finds that, as set forth more fully by previous Order, judgment is granted in favor of Defendants on Plaintiffs' Claim for Negligence.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of the plaintiffs, jointly, and against the defendants, jointly and severally, in the total sum of $2,038,377.00, with post-judgment interest at the rate of 4.90 percent per annum, which judgment is inclusive of the sums due the plaintiffs on the contract claim and the fraud claim.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the first $993,474.00 (plus sums accrued as interest) paid to or collected by plaintiffs from the defendants pursuant to this judgment shall, *pro tanto*, satisfy both the judgment on the contract claim and the judgment on the fraud claim.

DATED this 12th day of October, 2006, at Oklahoma City, Oklahoma.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

03-1564p069(pub).wpd